Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ORI ANUENUE HALE, INC.; OPPORTUNITIES AND RESOURCES, INC.; and Does 1-5 Inclusive,<br>　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Denial of Reasonable Accommodation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act ("ADAAA") of 2008 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Parties Sokunthea Prak, Eulalia Pelep, Joyce Richard-White, Jyra Cutler, and Myer Alokoa (collectively, "Charging Parties"), qualified individuals with disabilities, and a class of similarly aggrieved deaf employees (with Charging Parties collectively, "Claimants") who were adversely affected by such practices.

As set forth with greater particularity in paragraphs 19 to 43 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants ORI Anuenue Hale, Inc. ("ORI Anuenue Hale") and Opportunities and Resources, Inc. ("ORI"), (collectively, "Defendants") unlawfully discriminated against a class of deaf janitorial and custodial employees with limited English proficiencies by failing to effectively engage in the interactive process, denying Charging Parties and Claimants reasonable accommodations, and in so doing, denying Charging Parties and Claimants the same benefits and privileges of employment as their non-disabled co-workers in violation of Section 102 of the ADA, 42 U.S.C. §12112. Specifically, Defendants denied Charging Parties the reasonable accommodation of

sign language interpreters at staff meetings. As a result, the class of deaf employees was denied the benefit and privilege of fully understanding the content of these meetings, while non-disabled employees were able to access the full content of these meetings. Plaintiff further alleges that Defendants failed to effectively engage in the interactive process to identify other reasonable accommodations for the class of deaf employees including, but not limited to providing sign language interpreters. Instead, Defendants ignored the deaf employees' repeated requests for sign language interpreters and arbitrarily decided that written notes, handouts, and occasional sign language interpretation would suffice at these meetings.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Hawaii.

## **PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant ORI Anuenue Hale, Inc. has continuously been a non-profit corporation doing business in the State of Hawaii and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant ORI Anuenue Hale, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6.      At all relevant times, Defendant ORI Anuenue Hale, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

7.      At all relevant times, Defendant Opportunities and Resources, Inc. has continuously been a non-profit corporation doing business in the State of Hawaii and has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant Opportunities and Resources, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

9. At all relevant times, Defendant Opportunities and Resources, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

10. Defendants are Hawaii non-profit corporations that operate as a vocational training and job placement agency for disabled individuals and assist individuals with disabilities with work, training and housing opportunities. Both Defendants shared the same Chief Executive Officer/President and operate out of the same facility in Wahiawa, Hawaii. Managerial employees at ORI control and manage the operations of employees at ORI Anuenue Hale. For example, the Quality Control Manager at ORI interviewed, hired, organizes meetings/trainings, possesses disciplinary authority, and controls the work assignments and schedules of the Claimants, who are employees of ORI Anuenue Hale. Personnel employees at ORI also undertake human resources functions like processing leave and payroll for the Claimants. Defendants share the same reasonable accommodation policy and employment forms, and the Charging Parties' accommodation requests for sign language interpreters were made to both managerial and supervisory

employees at ORI Anuenue Hale and ORI, who possess the authority to determine whether or not to provide the accommodations requested.

11.   All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

12.   Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the complaint to name each Doe defendant individually and collectively as they become known.  Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained

by Plaintiff.

## ADMINISTRATIVE PROCEDURES

13. More than thirty days prior to the institution of this lawsuit, Charging Parties Sokunthea Prak, Eulalia Pelep, Joyce Richard-White, Jyra Cutler, and Myer Alokoa each filed a charge of discrimination with the Commission alleging violations of the ADA by ORI.

14. On September 6, 2019, the Commission issued to Defendants Letters of Determination finding reasonable cause to believe that Defendants had violated the ADA and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

15. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices and provide appropriate relief.

16. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17. On January 30, 2020, the Commission issued to Defendants Notices of Failure of Conciliation.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

19. Since at least 2016, Defendants have engaged in unlawful employment practices in violation of Sections 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§12112 (a) and (b)(5)(A). Specifically, Defendants failed to effectively engage in the interactive process with Claimants and failed to provide reasonable accommodations for the Claimants' known disability, deafness, throughout the duration of their employment.

20. Charging Party Myer Alokoa is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party Myer Alokoa has an impairment, deafness, that substantially limits the major life activity of hearing. Charging Party Myer Alokoa's primary language is sign language. Charging Party Myer Alokoa has been deaf since a young age.

21. In 2016, Charging Party Myer Alokoa began working for Defendants as a janitorial worker. As a janitorial worker, Charging Party Myer Alokoa primarily cleaned bathrooms, swept, mopped and waxed floors. As part of his employment, Charging Party Myer Alokoa was required to attend mandatory employment related meetings, such as staff meetings and safety meetings, on at least a monthly basis. Charging Party Myer Alokoa was able to perform the essential functions of his job with or without accommodation throughout the duration of his employment.

22. Charging Party Myer Alokoa was assigned to work at Department of Defense facilities at Pearl Harbor and Hickam until he left Defendants' employment in 2019.

23. Charging Party Jyra Cutler is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party Jyra Cutler has an impairment, deafness, that substantially limits the major life activity of hearing. Charging Party Jyra Cutler's primary language is sign language. Charging Party Jyra Cutler has been deaf since a young age.

24. In 2016, Charging Party Jyra Cutler began working for Defendants as a janitorial worker. As a janitorial worker, Charging Party Jyra Cutler primarily cleans bathrooms, sweeps, mops and waxes floors. As part of her employment, Charging Party Jyra Cutler has been required to attend mandatory employment related meetings, such as staff meetings and safety meetings, on at least a monthly basis. Charging Party Jyra Cutler has been able to perform the essential functions of her job with or without accommodation throughout her employment.

25. Charging Party Jyra Cutler is currently employed by Defendants. Charging Party Jyra Cutler has been assigned to work at Department of Defense facilities at Pearl Harbor and Hickam since 2016.

26. Charging Party Sokunthea Prak is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and

12111(8). Charging Party Sokunthea Prak has an impairment, deafness, that substantially limits the major life activity of hearing. Charging Party Sokunthea Prak's primary language is sign language. Charging Party Sokunthea Prak has been deaf since a young age.

27. In 2017, Charging Party Sokunthea Prak began working for Defendants as a janitorial worker. As a janitorial worker, Charging Party Sokunthea Prak primarily cleans bathrooms, sweeps, mops and waxes floors. As part of his employment, Charging Party Sokunthea Prak has been required to attend mandatory employment related meetings, such as staff meetings and safety meetings, on at least a monthly basis. Charging Party Sokunthea Prak has been able to perform the essential functions of his job with or without accommodation throughout his employment.

28. Charging Party Sokunthea Prak is currently employed by Defendants. Charging Party Sokunthea Prak has been assigned to work at Department of Defense facilities at Pearl Harbor and Hickam since 2017.

29. Charging Party Joyce Richard-White is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party Joyce Richard-White has an impairment, deafness, that substantially limits the major life activity of hearing. Charging Party Joyce Richard-White's primary language is sign language. Charging Party Joyce

Richard-White has been deaf since a young age.

30. In 2018, Charging Party Joyce Richard-White began working for Defendants as a janitorial worker. As a janitorial worker, Charging Party Joyce Richard-White primarily cleans bathrooms, sweeps, mops and waxes floors. As part of her employment, Charging Party Joyce Richard-White has been required to attend mandatory employment related meetings, such as staff meetings and safety meetings, on at least a monthly basis. Charging Party Joyce Richard-White has been able to perform the essential functions of her job with or without accommodation throughout her employment.

31. Charging Party Joyce Richard-White is currently employed by Defendants. Charging Party Joyce Richard-White has been assigned to work at Department of Defense facilities at Pearl Harbor and Hickam since 2018.

32. Charging Party Eulalia Pelep is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party Eulalia Pelep has an impairment, deafness, that substantially limits the major life activity of hearing. Charging Party's primary language is sign language. Charging Party Eulalia Pelep has been deaf since a young age.

33. In 2018, Charging Party Eulalia Pelep began working for Defendants as a janitorial worker. As a janitorial worker, Charging Party Eulalia Pelep primarily cleans bathrooms, sweeps, mops and waxes floors. As part of her

employment, Charging Party Eulalia Pelep has been required to attend mandatory employment related meetings, such as staff meetings and safety meetings, on at least a monthly basis. Charging Party Eulalia Pelep has been able to perform the essential functions of her job with or without accommodation throughout her employment.

34. Charging Party Eulalia Pelep is currently employed by Defendants. Charging Party Eulalia Pelep has been assigned to work at Department of Defense facilities at Pearl Harbor and Hickam since 2018.

35. A class of similarly situated aggrieved individuals exists who, like Charging Parties, were or continue to be deaf employees of Defendants and against whom Defendants discriminated on the basis of disability by failing to effectively engage in the interactive process, failing to provide reasonable accommodations, and as a result, depriving the deaf employees the benefits and privileges of employment, by requiring them to participate in meetings and communications without a means to effectively communicate, including but not limited to, providing sign language interpreters.

36. Defendants had knowledge of Claimants' disabilities since at least each of the Claimants' employment interviews.

37. Defendants failed to effectively engage in the interactive process and failed to provide reasonable accommodations at many of the Claimants'

employment interviews and mandatory meetings throughout the Claimants' employment with Defendants. Defendants' failure to effectively engage in the interactive process and failure to provide reasonable accommodations includes, but is not limited to:

    a. Defendants were aware that many Claimants needed interpreters at their employment interviews.

    b. For example, Charging Parties Eulalia Pelep and Myer Alokoa requested for sign language interpreters at their interviews.

    c. Instead of providing sign language interpreters, Defendants told Charging Parties Eulalia Pelep and Meyer Alokoa to provide their own interpreters or ask a friend to interpret.

    d. There are notations in Defendants' interview notes that some Charging Parties have received a rating of "attempts communication, but does fair job at best" and require communication through interpreters.

    e. As part of the Claimants' employment, they are required to attend mandatory all-staff meetings where Defendants discuss work safety procedures, work assignments and other work-related information, which are a benefit and privilege of employment. These meetings generally last at least an hour and

are typically held every few months at Defendants' Wahiawa office or on site at Pearl Harbor/Hickam.

f. Defendants knew a sign language interpreter would be needed for the Claimants to fully understand the contents of mandatory staff meetings.

g. On at least one occasion in 2018, Defendants acknowledged they were aware of the need for interpreters for a mandatory meeting but claimed they were unable to schedule one due to the short notice for the meeting.

h. Instead of providing an interpreter for mandatory staff meetings, Defendants asked other staff members to provide contemporaneous written notes and handouts in written English to the deaf employees and/or asked a deaf employee to provide sign language interpretation to other deaf employees.

i. In addition to the mandatory all-staff meetings, Claimants are also required to attend smaller on-site staff meetings at Hickam and Pearl Harbor. These meetings are usually held monthly and last about 30 minutes to an hour, and entail discussions of safety issues, professionalism, work protocols and other work-related information by site supervisors.

  j. Claimants repeatedly requested sign language interpreters to be provided for these on-site staff meetings from their supervisors and/or the Quality Control Manager.

  k. Defendants have failed to provide any sign language interpretation for these monthly on-site staff meetings.

  l. Instead of providing interpreters for these monthly on-site staff meetings, Defendants' attempts at communicating with Claimants were ineffective. Defendants wrote and continue to write notes for the deaf employees and only provide an opportunity to ask questions after the meetings end, meet with deaf employees after the meetings to discuss the contents of the meetings without interpreters, or ask a deaf employee to sign the information to another deaf employee.

38. Defendants controlled the scheduling and timing of all meetings at which Claimants needed interpreters.

39. After being denied interpreters on multiple occasions, Charging Parties Eulalia Pelep, Joyce Richard-White and Jyra Cutler and an employee from the State of Hawaii's Division of Vocational Rehabilitation met with Defendants in 2018. At this meeting, the deaf employees' need for interpreters was again expressed. After this meeting, Defendants continued to refuse to provide sign

language interpreters at subsequent meetings.

40. The written notes, handouts and non-professional sign language interpretation by deaf employees were ineffective because the Claimants all have limited English proficiencies due to their deafness and many Claimants also originate from foreign countries like the Federated States of Micronesia, Cambodia and Philippines, further resulting in limited English proficiencies.

41. Despite being aware of the Claimants' limited verbal communication abilities and English proficiencies, Defendants failed to effectively engage in the interactive process to discuss the requests for sign language interpreters or assess whether other methods of communicating with the Claimants, including the provision of written notes, handouts and sign language interpretation by deaf employees who were not licensed sign language interpreters to other deaf employees were effective.

42. As a result, the Claimants were unable to simultaneously make sense of the notes, handouts and non-professional sign language interpretation, and engage in the meetings to meaningfully understand what was discussed and ask contemporaneous questions like the other non-disabled employees, benefits and privileges of employment that the Claimants were deprived of as a result of Defendants' repeated failure to provide effective accommodations, such as sign language interpreters, at these meetings.

43. Defendants' actions, including failing to effectively engage in the interactive process and failing to provide reasonable accommodations resulted in the denial of benefits and privileges of employment since at least 2016 and continuing through each Claimant's employment and through the present.

44. The effect of the practices complained as described in paragraphs 19-43 has been to deprive the Charging Parties and a class of similarly aggrieved individuals of equal employment opportunities and otherwise adversely affects their status as employees because of their disability.

45. The unlawful employment practices complained of in paragraphs 19-43 above were intentional and caused Charging Parties and a class of similarly aggrieved individuals to suffer emotional distress.

46. The unlawful employment practices complained of in paragraphs 19-43 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of similarly aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of Sections 102(a) and (b) of the ADA, 42 U.S.C. §§12112(a) and (b);

C. Order Defendants to make the Charging Parties and the class of similarly aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendants to make the Charging Parties and the class of similarly aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order each Defendant to pay the Charging Parties and the class of similarly aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 24, 2021                    Respectfully Submitted,

                                GWENDOLYN YOUNG REAMS,
                                Acting General Counsel

                                U.S. EQUAL EMPLOYMENT
                                OPPORTUNITY COMMISSION
                                131 "M" Street, N.E.
                                Washington, D.C.  20507

By: _____
                                ANNA Y. PARK,
                                Regional Attorney

                                NAKKISA AKHAVAN,
                                Supervisory Trial Attorney

                                U.S. EQUAL EMPLOYMENT
                                OPPORTUNITY COMMISSION