# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:21-CV-00286-JMS-RT |
| CASE NAME: | U.S. Equal Employment Opportunity Commission v. ORI Anuenue Hale, Inc., et al. |
| ATTYS FOR PLA: | Eric Yau<br>Chanmealea Thou*<br>Natalie Nardecchia |
| ATTYS FOR DEFT: | Nathaniel Dang* |

| | | | |
|---|---|---|---|
| JUDGE: | Rom Trader | REPORTER: | ZOOM |
| DATE: | 02/10/2023 | TIME: | 10:00 - 11:00 a.m. |

COURT ACTION:  EP: TELEPHONIC MOTION HEARING regarding ECF [83] *Plaintiff EEOC's Motion to Compel Discovery Responses to Request for Production of Documents, Set One* ("Motion") held.

Court takes judicial notice of its records and files, including the *Motion,* ECF [83], Defendant's ECF [98] *Memorandum in Opposition* and applicable legal authority.

Ms. Thou reports no other materials produced by Defendants since 3/1/2023 supplemental production.  Mr. Dang confirms.  Arguments heard.

**Legal Standard:**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). At the same time, it has its "ultimate and necessary boundaries." Id. "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002)).

The 2015 amendment to FRCP 26 added proportionality as a requirement for obtaining discovery. Thus, "relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. City of Fresno*, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016)). Addressing all proportionality considerations does not rest solely with the party seeking discovery. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Instead, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Id.

District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(c). Limits also should be imposed where the requesting party has had ample opportunity to obtain the information through discovery in the action or the discovery is outside the scope of permissible discovery under FRCP 26(b)(1). Id.

**Ruling:**

Having carefully considered the merits of the instant *Motion*, within the context of the record, applicable legal authority and arguments of counsel, for the reasons set forth during the hearing and detailed below, the Court **GRANTS** in part and **DENIES** in part the *Motion* as follows:

- **Temporal scope of Requests for Production ("RFP"):**

    GRANTED.

    Court agrees with the arguments and authorities relied upon by the Government. Court finds the relevant and proportional temporal scope for the instant discovery requests to be from **1/1/2015 to the present**. The Court overrules Defendants' objections and otherwise rejects Defendants' arguments to limit the temporal scope of discovery to a 2-year period.

    Defendants shall supplement prior discovery responses consistent with the 1/15/2015 to present time period.

- **RFP No. 22 (documents identifying all deaf employees of Defendants):**

    GRANTED in part and DENIED in part.

    Granted with respect to the names, contact information and other requested information concerning **all deaf employees** employed by Defendants from 1/1/2015 to the present. Defendants shall supplement prior discovery responses to these requests consistent with the foregoing time period.

    Denied as to information relating to all other non-deaf employees.

- **RFP No. 23 (personnel records of deaf employees and selected managers)**:

    GRANTED in part and DENIED in part.

    Granted as to relevant portions of the personnel records for deaf employees and those supervisors and/or managers identified in the request. Production shall be subject to an appropriate stipulation or protective order as agreed by the parties. Defendants shall supplement prior discovery responses to this request consistent with the foregoing time period.

    Denied as to complete personnel files. Specifically denied with respect to those portions of the personnel files containing non-relevant confidential personal information (e.g., confidential health or medical information, financial information, etc.).

- **RFP Nos. 57-58 - (meeting documents where deaf employees were present):**

    GRANTED.

    Defendants shall produce a complete list of all meetings from 1/1/2015 to the present along with the associated information, documents and communications for each meeting as specified in the requests. Defendants shall supplement prior discovery responses to these requests consistent with the foregoing time period.

- **RFP Nos. 42-47 (organizational and ownership documents):**

    GRANTED.

    Defendants shall produce all requested documents for the time period from 1/1/2015 to the present. Defendants shall supplement any prior discovery responses to these requests consistent with the foregoing time period.

    Based upon Defendants' on-record representation that they are willing to stipulate to having operated as joint employers in an integrated enterprise during the relevant time frame in this case, the parties shall have until **4/7/2023** to reach a stipulation. If a stipulation is filed by 4/7/2023, then Defendants will be relieved of their obligation to produce documents responsive to the above requests. Otherwise, if no stipulation is filed, Defendants shall produce all documents responsive to these requests by no later than **4/28/23**.

- **RFP No. 50 (inter-defendant documents and communications):**

    DENIED.

    Court finds the requested discovery to be outside the scope of permissible discovery. The request seeks "all documents and communications"

between the employees, board members, officers and/or agents of both Defendants from 1/1/2015 to the present. The request is overly broad as it seeks "all documents and communications" between the Defendants for an 8-year period without any limitations. As propounded, the requested discovery is not relevant to the claims and defenses involved in this lawsuit. While many types of documents would likely be relevant, many if not most clearly would not be relevant to whether Defendants are organized or operating as joint employers. Thus, after consideration of the factors set forth in Fed. R. Civ. P. 26(b)(1), the discovery sought is clearly not proportional to the needs of the case.

- **RFP Nos. 51-56 (documents regarding joint financial control):**

    GRANTED.

    Defendants shall produce responsive documents for the time period from 1/1/2015 to the present.

    Based upon Defendants' on-record representation they are willing to stipulate to having operated as joint employers in an integrated enterprise during the relevant time frame in this case, the parties shall have until **4/7/2023** to reach a stipulation. If a stipulation is filed by 4/7/2023, then Defendants will be relieved of their obligation to produce documents responsive to the above requests. Otherwise, if no stipulation is filed, Defendants shall produce all documents responsive to these requests by no later than **4/28/23**.

- **RFP Nos. 59-67 (documents regarding joint operational/managerial control):**

    GRANTED.

    Defendants shall produce responsive documents for the time period from 1/1/2015 to the present.

    Based upon Defendants' on-record representation they are willing to stipulate to having operated as joint employers in an integrated enterprise during the relevant time frame in this case, the parties shall have until **4/7/2023** to reach a stipulation. If a stipulation is filed by 4/7/2023, then Defendants will be relieved of their obligation to produce documents responsive to the above requests. Otherwise, if no stipulation is filed, Defendants shall produce all documents responsive to these requests by no later than **4/28/28**.

- **RFP No. 68 (documents regarding computer systems/databases):**

    DENIED.

    Court finds the requested discovery to be more appropriately addressed within the context of an interrogatory request. To the extent the Government has exhausted its maximum allotment of interrogatory requests, the Court grants the Government leave to propound an additional interrogatory request, excluding sub-parts, to seek information about the computer systems and databases used by Defendants to maintain information relating to employment applications and/or hiring of employees for each Defendant from 1/1/2015 to present.

- **RFP No. 73 (financial documents):**

    GRANTED in part and DENIED in part.

    Granted as to financial statements, corporate tax returns, profit and loss statements, and any public financial filings, that already exist, regarding Defendants' holdings or net worth for the time period from 1/1/2015 to the present.

    Denied as to all other documents requested.

- **RFP Nos. 74-75 (documents regarding janitorial services revenue):**

    GRANTED.

    Defendants shall produce documents regarding revenue derived from janitorial services contracts with the Department of Defense for the time period from 1/1/2015 to the present. In addition, Defendants shall produce documents, to the extent they already exist, which summarize the percentage share of overall revenue represented by janitorial services revenue.

- **RFP Nos. 76-77 (corporate information and status documents):**

    GRANTED.

    Defendants shall produce responsive documents for the time period from 1/1/2015 to the present.

    Based upon Defendants' on-record representation they are willing to stipulate to having operated as joint employers in an integrated enterprise during the relevant time frame in this case, the parties shall have until **4/7/2023** to reach a stipulation. If a stipulation is filed by 4/7/2023, then Defendants will be relieved of their obligation to produce documents responsive to the above requests. Otherwise, if no stipulation is filed, Defendants shall produce all documents responsive to these requests by no later than **4/28/28**.

- **RFP Nos. 3, 6, 9, 12 and 15 (documents previously produced by Defendants:**

DENIED.

Court finds the Government's request for Defendants to produce all documents previously provided by Defendants during the EEOC investigation underlying this action to be outside the scope of permissible discovery.

While the documents sought may be clearly relevant to the claims and defenses involved in this lawsuit, the fact remains that Defendants have already produced these documents. The Government concedes they have the documents, but instead propounded the instant requests in order to facilitate the use of these documents during the course of litigation of this matter.

The Court finds the proposed discovery is not proportional to the needs of the case. Requiring Defendants to again produce the same documents which the Government already possesses offends the basic tenets of Rule 1 of the Federal Rules of Civil Procedures which requires that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceedings." Fed. R. Civ. P. 1.

Parties to submit a proposed protective order and/or stipulation as to joint employer status to Trader_Orders@hid.uscourts.gov by **4/7/2023**.

The Court orders Defendants to produce responsive documents and supplement prior discovery responses consistent with the foregoing by no later than **4/28/2023**.

**These minutes shall stand in place of a separate written order.**

*Submitted by: Lian Abernathy, Courtroom Manager*