# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:21-cv-00286-JMS-RT |
| CASE NAME: | U.S. Equal Employment Opportunity Commission v. ORI Anuenue Hale, Inc. et al |
| ATTY FOR PLT: | Ella Hushagen* <br> Eric Yau |
| ATTY FOR DEFT: | Jeffrey S. Portnoy* <br> Nathaniel Dang* |

| | | | |
|---|---|---|---|
| JUDGE: | Rom Trader | REPORTER: | CT 5 – FTR |
| DATE: | 12/1/2023 | TIME: | 11:00 AM – 12:06 PM |

COURT ACTION: EP:   MOTION HEARING held on 12/1/2023.

Court heard the following motions:

1. [ECF [158]] *Plaintiff EEOC's <u>Second</u> Motion to Compel Defendants' Production of Documents and Admissions* ("Second Motion to Compel") and
2. [ECF [165]] *Plaintiff EEOC's <u>Third</u> Motion to Compel Defendants' Production of Documents and Admissions* ("Third Motion to Compel")(collectively, "Motions").

Court takes judicial notice of its records and files, including the following:

   a. [ECF [158] & [165]] *Motions*;
   b. [ECF [169]] *Defendants Opportunities & Resources Inc. and ORI Anuenue Hale, Inc.'s ("Defendants") Memorandum in Opposition to Plaintiff's [Second Motion to Compel]*;
   c. [ECF [170]] *[Defendants']Memorandum in Opposition to Plaintiff's [Third Motion to Compel]*;
   d. [ECF [171]] *Plaintiff's Consolidated Reply in Support of [Plaintiff's] Second and Third Motions to Compel Defendants' Production of Documents* ("Reply");
   e. [ECF [1]] *Complaint*;
   f. [ECF [9]] *Defendants' Answer*;
   g. [ECF [128]] *Joint Stipulation as to Joint Employer Status of Defendants*; and
   h. [ECF [145]] *Joint Stipulation as to Defendants' Liability as Joint Employers, Deaf Employees' Status as Qualified Individuals with a Disability, Defendants' Notice of Disability, and Affirmative Defense of Undue Hardship*.

Parties confirm no changes to the status of disputed discovery matters.  Arguments heard.

**Ruling**:

Having carefully considered the merits of the instant *Motions*, within the context of the record, applicable legal authority and arguments of counsel, for the reasons set forth during the hearing and detailed below, the Court **GRANTS** in part and **DENIES** in part each of the *Motions* as follows:

1. *Second Motion to Compel* – **GRANTED IN PART & DENIED IN PART**

    A. **Request for Production of Documents ("RPOD")**

    1. **RPOD No. 105** – All contracts or agreements entered into between [Defendant ORI Anuenue Hale] and any federal, state, or local government entity, including the U.S. Department of Defense, from January 1, 2015 to the present. ECF No. 158-3 at PageID.1731.

        **GRANTED** as to the specific government contracts and agreements under which any of the charging parties and/or complainants were/are employed from January 1, 2015 to present.

        **DENIED** as to balance of the request. Overbroad, not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

    2. **RPOD No. 106** – All documents constituting financial grants or other funding to [Defendant ORI Anuenue Hale] from any federal, state, or local government entity, including the U.S. Department of Defense, from January 1, 2015 to present. Id.

        **GRANTED** as to the specific financial grants or other fundings through which any of the charging parties and/or complainants were/are employed from January 1, 2015 to present.

        **DENIED** as to balance of the request. Overbroad, not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

    3. **RPOD No. 123** – Documents from 2011 to the present regarding the U.S. Department of Housing and Urban Development's (HUD) investigation, findings, and recommended corrective actions or conclusions regarding [Defendant ORI Anuenue Hale] non-compliance with the City of Honolulu's Community Development Block Grant (CDBG) program, including but not limited to correspondence from HUD or the City [and] County of Honolulu. Id. at PageID.1737-1738.

        **DENIED.** Overbroad, not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

    B. **Requests for Admissions ("RFA")**

    1. **RFA No. 36** - Admit that [Defendant Opportunities and Resources, Inc.] was found by the U.S. Department of Housing and Urban Development (HUD) to

have been in noncompliance with the City of Honolulu's Community Development Block Grant (CDBG) program in or around 2013, for having used taxpayer funding for questionable and ineligible expenses. ECF No. 158-2 at PageID.1692.

>    **DENIED**. Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

2. **RFA No. 37** - Admit that [Defendant ORI Anuenue Hale] was found by the U.S. Department of Housing and Urban Development (HUD) to have been in non-compliance with the City of Honolulu's Community Development Block Grant (CDBG) program in or around 2013, for having used taxpayer funding for questionable and ineligible expenses. Id.

>    **DENIED**. Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

3. **RFA No. 38** – Admit that in or around June 2013, the U.S. Department of Housing and Urban Development (HUD) issued a letter with findings and recommended corrective actions for [Defendant Opportunities and Resources, Inc.'s] noncompliance with the City of Honolulu's Community Development Block Grant (CDBG) program. Id. at PageID.1693.

>    **DENIED**. Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

4. **RFA No. 39** – Admit that in or around June 2013, the U.S. Department of Housing and Urban Development (HUD) issued a letter with findings and recommended corrective actions for [Defendant ORI Anuenue Hale's] non-compliance with the City of Honolulu's Community Development Block Grant (CDBG) program. Id.

>    **DENIED**. Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

5. **RFA No. 40** – Admit that [Defendant Opportunities and Resources, Inc.] used Community Development Block Grant (CDBG) funds to acquire 30 acres of land and construct Camp Pineapple 808 facilities to serve elderly and developmentally disabled persons, but then used and marketed Camp Pineapple 808 to individuals and organizations that did not exclusively serve the elderly and disabled. Id. at PageID.1694.

>    **DENIED.** Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

6. **RFA No. 41** – Admit that [Defendant ORI Anuenue Hale] used Community Development Block Grant (CDBG) funds to acquire 30 acres of land and construct Camp Pineapple 808 facilities to serve elderly and developmentally disabled persons, but then used and marketed Camp Pineapple 808 to individuals and organizations that did not exclusively serve the elderly and disabled. Id.

**DENIED**.  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

C. **Additional RPODs**

1. **RPOD No. 118** – Documents regarding the female employee that hurt her foot in June or July 2018 as she was pulling a cleaning cart (which led to a safety meeting on July 20, 2018).  ECF No. 158-3 at PageID.1736.

    **GRANTED,** however, any third-party medical information shall be designated and disclosed consistent with the [ECF [155] Stipulated Protective Order or as otherwise agreed by the parties.  Court ORDERS redaction of female employee's name and information describing her medical condition and treatment, as well as any other information which would otherwise identify the female employee.  Court ORDERS information describing the underlying incident resulting in the injury to be disclosed.

2. **RPOD No. 119** – Documents showing [Defendant ORI Anuenue Hale's] policies or procedures or training, if any, in relation to YOUR EMPLOYEES and Covid-19, from January 1, 2020 to the present.  Id.

    **DENIED**. Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

3. **RPOD No. 120** – Documents showing [Defendant ORI Anuenue Hale'] policies or procedures, if any, in relation to health or safety for YOUR EMPLOYEES, effective any time from January 1, 2015 to the present.  Id. at PageID.1737.

    **DENIED**.  Overbroad.  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

2. *Third Motion to Compel*– **GRANTED IN PART & DENIED IN PART**

    A. **Program Audits**

    1) **RPOD No. 128** – Identify and produce all documents relating to any audits conducted by SourceAmerica and/or Ability One Program involving YOUR [Defendant Opportunities and Resources, Inc.] and/or the OTHER DEFENDANT'S [Defendant ORI Anuenue Hale] janitorial contracts with NAVFAC, USDA, NOAA and/or the U.S. Army in Hawaii from January 1, 2015, to the present. ECF No. 165-2 at PageID.1870.

        **GRANTED** as to audits involving specific janitorial contracts under which any of the charging parties and/or complainants were/are employed from January 1, 2015 to the present.

        **DENIED** as to the balance. Overbroad.  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

2) **RPOD No. 127** – Identify and produce all documents relating to any audits conducted by SourceAmerica and/or Ability One Program involving YOUR [Defendant ORI Anuenue Hale] and/or the OTHER DEFENDANT'S [Defendant Opportunities and Resources, Inc.] janitorial contracts with NAVFAC, USDA, NOAA and/or the U.S. Army in Hawaii from January 1, 2015, to the present.  ECF No. 165-3 at PageID.1879.

> **GRANTED** as to audits involving specific janitorial contracts under which any of the charging parties and/or complainants were/are employed from January 1, 2015 to the present.
>
> **DENIED** as to the balance. Overbroad.  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

### B. Defendant's Travel Program

**RPOD No. 124**  - All documents related to YOUR and/or the OTHER DEFENDANT'S travel program for YOUR clients, including trip itineraries, budgets, bookings, and attendee and chaperone lists, from January 1, 2015 to the present.  ECF No. 165-2 at PageID.1869.

> **GRANTED** as to only the number of attendees/participants in the travel program.
>
> **DENIED** as to the balances. Overbroad.  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

### C. Docs Related to Defendant's Ownership of Property in Las Vegas – Relevant to Assets to Compensate Deaf Employees

**RPOD No. 125**  - All documents related to the residence of YOUR [Defendant Opportunities and Resources, Inc.] employees in houses owned by YOU and/or the OTHER DEFENDANT [Defendant ORI Anuenue Hale] from January 1, 2015 to the present.  Id.

> **DENIED.**  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

**RPOD No. 125**  - All documents related to the residence of YOUR [Defendant ORI Anuenue Hale] employees in houses owned by YOU and/or the OTHER DEFENDANT [Defendant Opportunities and Resources, Inc.] from January 1, 2015 to the present.  Id.

> **DENIED.**  Not relevant to claims and defenses. Even if relevant, not proportional to the needs of the case.

Court finds the discovery items ordered to be relevant and proportional to the needs of the case. The Court SUSTAINS Defendants' objections to those items denied and OVERRULES Defendants' objections to those items granted.

The Court orders Defendants to produce responsive documents and supplement prior discovery responses consistent with the foregoing by no later than **12/15/2023**.

**These minutes shall stand in place of a separate written order.**

## Other Matters:

Parties request further settlement conference, continuance of the motions pending before District Judge Seabright on 1/8/2024, extension of briefing deadlines and possible continuance of trial.

Court to confer with District Judge Seabright and update the parties via e-mail.

<u>Subject to the parties confirming availability of their clients and co-counsel</u>, the Court tentatively schedules an **IN-PERSON Settlement Conference** for **12/22/2023 at 10:00 a.m.** in Courtroom 5 before Magistrate Judge Rom Trader.  Confidential Settlement Conference Letters due 12/15/2023.

*Submitted by: Michael D. Cruz, Courtroom Manager*