CADES SCHUTTE
A LIMITED LIABILITY LAW PARTNERSHIP

JEFFREY S. PORTNOY          1211-0
NATHANIEL DANG              11102-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200

Attorneys for Defendants
ORI ANUENUE HALE, INC. and
OPPORTUNITIES AND RESOURCES INC.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs<br><br>ORI ANUENUE HALE, INC.; OPPORTUNITIES AND RESOURCES, INC.; and DOES 1-5, INCLUSIVE.<br><br>Defendants. | Case No. CV-21-00286-JMS-RT<br><br>**DEFENDANTS OPPORTUNITIES AND RESOURCES INC.'S and ORI ANUENUE HALE, INC.'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br><br>**DECLARATION OF NATHANIEL DANG;**<br><br>**EXHIBITS A – S; CERTIFICATE OF SERVICE**<br><br><u>HEARING MOTION</u>:<br><br>Judge: Hon. J. Michael Seabright<br>Magistrate: Hon. Rom Trader<br>Hearing Date: February 20, 2024<br>Trial Date: May 29, 2024 |

**DEFENDANTS OPPORTUNITIES AND RESOURCES INC.'S and ORI ANUENUE HALE, INC.'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS'**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

DEFENDANTS OPPORTUNITIES AND RESOURCES, INC and ORI ANUENUE HALE, INC's (collectively, "**Defendants**") submit their Concise Statement of Facts in Opposition to Defendant's Motion for Summary Judgment:

**I.    <u>RESPONSE</u>**

| No. | Response | Support |
|---|---|---|
| 1. | Admit. | |
| 2. | Disputed. Defendants have a written reasonable accommodation policy. | Ex. A (01/09/2023 R. Fok Tr.) at 107:4-16; Ex. B (Nov. 14, 2018 Revised Reasonable Accommodation Policy, marked as Exhibit 11 to 01/09/2023 R. Fok Tr.); Ex. C (10/13/2022 J. Siaosi Tr.) at 49:20-20-22, 50:7-9. |
| 3. | Disputed. Defendants have a written reasonable accommodation policy that contravenes statements made by Mrs. Cheung at her deposition cited by Plaintiff. | Ex. A (01/09/2023 R. Fok Tr.) at 107:4-16; Ex. B (Nov. 14, 2018 Revised Reasonable Accommodation Policy, marked as Exhibit 11 to 01/09/2023 R. Fok Tr.); Ex. C (10/13/2022 J. Siaosi Tr.) at 49:20-20-22, 50:7-9. |
| 4. | Defendants' Human Resources has received no training regarding reasonableaccommodations. | |

| No. | Response | Support |
|---|---|---|
| 5. | Admit. | |
| 6. | Admit. None were requested. | Ex. A (1/9/2023 R. Fok Tr.) at 120:22-121:18 |
| 7. | Admit, but of no moment. | |
| 8. | Deny. No request was received by Defendants. | Ex. A (1/9/2023 R. Fok Tr.) at 120:22-121:18 |
| 9. | Deny. No request was received by Defendants. | Ex. A (1/9/2023 R. Fok Tr.) at 120:22-121:18 |
| 10. | Deny. No request was received by Defendants. | Ex. A (1/9/2023 R. Fok Tr.) at 120:22-121:18 |
| 11. | Admit. | |
| 12. | Deny. Employees can let Defendants know in advance if they cannot attend. Employees, including Deaf employees, have missed multiple meetings without any repercussions. | Ex. C (10/13/2022 J. Siaosi Tr.) at 170:12-17; *See* Ex. I (5/11/23 E. Pelep Tr.) at 59:16-18, 60:23-25 |
| 13. | Admit. | |
| 14. | Deny. The meetings have taken place only once or twice a year. | Ex. E (ORI-000937) (List of large meetings); Ex. F (1/10/2023 J. Siaosi Tr.) at 48:9-11, 49:11-13, 49:19-24, 51:21-23 , 59:12-14, 60:24-61:1, 62:21-23, 69:2-4, 75:24-76:1; Ex. G (12/07/23 J. Siaosi Tr.) at 198:1-8 |

| No. | Response | Support |
|---|---|---|
| 15. | Deny. Employees can let Defendants know in advance if they cannot attend. Employees, including Deaf employees, have missed multiple meetings without any repercussions. | Ex. C (10/13/2022 J. Siaosi Tr.) at 170:12-17; *See* Ex. I (5/11/23 E. Pelep Tr.) at 59:16-18, 60:23-25 |
| 16. | Deny. Unclear as to which "meetings" this fact refers to. | |
| 17. | Admit as to "large" meetings. | |
| 18. | Admit. | |
| 19. | Admit. | |
| 20. | Objection – whether constructive notice was provided is a legal conclusion, not a fact. | |
| 21. | Deny. Defendants regularly communicated with Deaf employees via writing to ask whether they had any problems at work. | Ex. C (10/13/22 J. Siaosi Tr.) at 213:24-214:3 |
| 22. | Admit. | |
| 23. | Deny. Defendants were aware that that the Deaf employees could communicate via writing because they did so regularly throughout their employment. | Ex. C (10/13/22 J. Siaosi Tr.) at 213:24-214:3; Ex. K (1/9/23 J. Siaosi Tr.) at 32:14-19; 27:18-24; 20:8-13 |
| 24. | Admit. | |
| 25. | Admit. | |
| 26. | Deny. This was an off-the cuff statement made at deposition. Objection – Relevance. | |
| 27. | Deny. This was an off-the cuff statement made at deposition. Objection – Relevance. | |

| No. | Response | Support |
|-----|----------|---------|
| 28. | Deny. Defendants believe that they have provided reasonable accommodations because the alternative accommodations they have provided have always worked and no employee has complained. | Ex. C (10/13/22 J. Siaosi Tr.) at 213:24-214:3; Ex. K (1/9/23 J. Siaosi Tr.) at 32:14-19; 27:18-24; 20:8-13; Ex. K (1/9/23 Siaosi Tr.) at 80:17-21). |
| 29. | Deny. This was an off-the cuff statement made at deposition. Objection – Relevance. | |
| 30. | Admit. No request was received. | Ex. A (1/9/2023 R. Fok Tr.) at 120:22-121:18 |
| 31. | Admit. | |
| 32. | Objection to relevance. The parties have stipulated that there is no undue burden defense. | |
| 33. | Admit as to large meetings. | |
| 34. | Admit. | |
| 35. | Admit. | |
| 36. | Deny. They knew based on their prior actions that handwritten notes were effective. | Ex. C (10/13/22 J. Siaosi Tr.) at 213:24-214:3; Ex. K (1/9/23 J. Siaosi Tr.) at 32:14-19; 27:18-24; 20:8-13 |
| 37. | Admit. | |
| 38. | Deny. They are simple and self-explanatory. | *See* Ex. D (6/9/23 L. Fok Tr.) at 155:16-162:14; 163:9-11 |
| 39. | Admit. | |
| 40. | Admit. | |
| 41. | Admit. | |

| No. | Response | Support |
|---|---|---|
| 42. | Deny. They were provided with effective accommodations. | Ex. K (01/09/23 J. Siaosi Tr.) at 57:9-13; Ex. C (10/13/22 J. Siaosi Tr.) at 213:24-214:3; Ex. K (1/9/23 J. Siaosi Tr.) at 47:24-48:2, 48:4-7; 48:10-12. Ex. L (Feb. 3, 2023 Rebuttal Expert Report of Robert C. Marvit, M.D., M.SC.), ¶¶ 13-16, 29-32, 40; Ex. I (5/11/23 Pelep Tr.) at 14:13-17:17; Ex. M (5/11/23 S. Prak Tr.) at 15:10-19:2; Ex. N (5/12/23 J. Secretaria Tr.) at 10:7-17, 12:25-13:8, 14:10-24; Ex. O (1/21/23 M. Alokoa Tr.) at 25:2-26-7, 62:18-19; Ex. P (12/4/23 J. Molina-Behic Tr.) at 23:6-17; Ex. Q (11/9/23 A. Cutler Tr.) at 16:22-23:3; Ex. R (12/4/23 R. Manzano Tr.) at 5:15-14:24, 15:3-7; *See* Ex. D (6/9/23 L. Fok Tr.) at 155:16-162:14, 163:9-11; *See* Ex. K (1/9/23 Siaosi Tr.) at 80:17-21). |

DATED:  Honolulu, Hawai'i, January 30, 2024.

                              CADES SCHUTTE
                              A Limited Liability Law Partnership

                              */s/ Nathaniel Dang*
                              JEFFREY PORTNOY
                              NATHANIEL DANG
                              Attorneys for Defendants
                              ORI ANUENUE HALE, INC. and
                              OPPORTUNITIES & RESOURCES INC.