Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAIʻI

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORI ANUENUE HALE, INC.; OPPORTUNITIES AND RESOURCES, INC.; and Does 1-5 Inclusive,<br><br>　　　　Defendant(s). | Case No.: CV-21-00286-JMS-RT<br><br>**CONSENT DECREE; ORDER**<br><br>The Honorable Michael Seabright<br><br>United States District Judge |

## I.   <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "EEOC") and Defendants Opportunities and Resources, Inc., and ORI Anuenue Hale, Inc., ("Defendants" or "ORI") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in U.S. Equal Employment Opportunity Commission v. ORI Anuenue Hale, Inc.; Opportunities and Resources, Inc.; and Does 1-5, Inclusive; Civil No. 21-00286-JMS-RT (the "Action").  On June 24, 2021, Plaintiff filed this Action in the United States District Court, District of Hawaii, for violation of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"). The Action alleges that ORI are liable for unlawfully discriminating against a class of Deaf and hard of hearing janitorial and custodial employees with limited English proficiencies by failing to effectively engage in the interactive process, denying them reasonable accommodations, and in so doing, denying them the same benefits and privileges of employment as their non-disabled co-workers in violation of Section 102 of the ADA, 42 U.S.C. §12112. Specifically, the EEOC claims that Defendants denied a class of Deaf and hard of hearing employees the reasonable accommodation of sign language interpretation at staff meetings and that, as a result, the Deaf and hard of hearing employees were denied the benefit and privilege of fully understanding the content of these

meetings, while non-disabled employees were able to access the full content of these meetings. Plaintiff further alleges that Defendants failed to effectively engage in the interactive process to identify other reasonable accommodations for the class of Deaf and hard of hearing employees including, but not limited to, providing sign language interpretation. Instead, the EEOC contends that Defendants ignored those employees' repeated requests for sign language interpreters and arbitrarily decided that written notes, handouts, and occasional sign language interpretation would suffice at these meetings. ORI denies each of these claims.

## II.  PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    The Decree is made and entered into by and between the EEOC and Defendants (collectively, the "Parties") and shall be binding on and enforceable against Defendants as well as their officers, directors, agents, successors and assigns.

B.    The Parties have entered into this Decree for the following purposes:

1.    To provide appropriate monetary and injunctive relief;

2.    To ensure employment practices in compliance with federal law;

3.    To ensure a work environment free from disability discrimination and as alleged in this Action;

3

4.     To ensure training for Defendants' managers, supervisors, Human Resources, and employees with respect to the ADA; and

5.     To provide an appropriate and effective mechanism for handling complaints and reasonable accommodation requests in the workplace as alleged in this Action.

### III.     RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in this Action.

B.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with the ADA or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

### IV.     JURISDICTION

A.     The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this

Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure and ADA and is not in derogation of the rights or privileges of any person.

B.     The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.     EFFECTIVE DATE AND DURATION OF THE CONSENT DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for five (5) years after the Effective Date.

## VI.     MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the

5

remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.   COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendants breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have thirty (30) days to attempt to resolve or cure any non-monetary breach.

B.     After thirty (30) days have passed with respect to any breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the Court deems appropriate.

## VIII. <u>MONETARY RELIEF</u>

A.     In settlement of this Action, Defendants shall pay the gross sum of $325,000

("Gross Sum").  The Gross Sum is inclusive of all monetary relief to be paid to the

five Charging Parties and Class Members (Charging Parties and Class Members

collectively, "Claimants").  The EEOC has full and complete discretion under the

terms of this Decree to determine the amounts of all payments to be distributed to

the Claimants and the characterization of such payments in this Decree.  All

payments will be characterized as compensatory damages for pain and suffering.

B.     The EEOC shall provide Defendants with Distribution List(s) designating

the payment amount(s) to any Claimants.  Within sixty (60) days of receiving the

EEOC's Distribution List(s), Defendants shall forward, via first class mail, any

check(s) from the Gross Sum in the amounts designated in the EEOC's

Distribution List to any Claimants.  Within three (3) business days of mailing the

aforementioned payment(s), Defendants shall submit a copy of any check(s) and

any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal

Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los

Angeles, CA 90012.  Payment(s) to each Claimant will be paid in a check as

compensatory damages for pain and suffering. For this payment(s), Defendants

shall prepare and distribute any 1099 tax reporting form to each Claimant, if

required by law, and shall make any appropriate report(s) to the Internal Revenue

Service and other tax authorities.  To the extent checks need to be reissued, the EEOC will notify Defendants.

C.      The EEOC may subsequently issue additional Distribution Lists, as necessitated by further notice from Defendants that any check issued to a Claimants was not negotiated within ninety (90) days after issuance and/or was returned non-negotiated to Defendants.  The EEOC shall provide a Distribution List, which shall be denoted as the "Final Distribution List," and shall include any additional amounts to be remitted to Claimants previously paid.  No further Distribution Lists shall be issued by the EEOC after the Final Distribution List is provided to Defendants.  Within ten (10) days of receipt of the EEOC's Final Distribution List, Defendants shall forward via first class mail to each Claimant payments for a gross amount equal to the full amount set forth in the Distribution List.  Within three (3) business days of mailing the aforementioned payments, Defendants shall submit a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.  The report shall show the amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed.  Defendants' tax reporting obligations as detailed in the preceding subsection shall apply in full to

all payments in this subsection in accordance with the EEOC's characterizations of the nature of such payments to Claimants.

D.    Reinstatement

1.    Defendants will not discriminate or retaliate against Claimants who apply for employment or re-employment with Defendants in the future.

2.    Defendants will consider an application for employment received from  Claimants on an equal basis with applications received from other applicants, and a Claimant's participation in this Action, status as a Claimant, and present or former disability, record of disability, or need for accommodation will not be factors in Defendants' selection or non-selection of the Claimant for the position to which she or he applies, except to the extent permitted by the ADA (*i.e.*, with regard to reasonable accommodation, qualification and undue burden), or other applicable law.

3.    Defendants agree that participation in this settlement does not bar any Claimant from hire by Defendants.

4.    If a Claimant is employed or re-employed by Defendants, such employment or re-employment shall not be in lieu of any monetary damages to which the EEOC determines the Claimant is entitled.

5.      As described below, Defendants shall report to the EEOC the applications they receive from the Claimants and their selections and non-selections.

## IX.   GENERAL INJUNCTIVE RELIEF

A.     Anti-Discrimination

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in any employment practices which discriminate against any persons in violation of the ADA as alleged in this Action.

B.     Anti-Retaliation

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that subjects any current or former employee or applicant of Defendants or their successors, or either of them, to retaliation because he or she has in the past, or during the term of this Decree in this Action:  (a) opposed any practice made unlawful under the ADA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal

investigation undertaken by Defendants or their successors) or proceeding in connection with this Action or relating to any claim of an ADA violation; (d) been identified as a possible witness or claimant in this Action; (e) asserted any right under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

C.      Sign Language Interpretation as a Reasonable Accommodation

1.      Defendants, their officers, agents, management (including all supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, shall provide sign language interpretation as an accommodation when engaging in the interactive process, reviewing Defendants' Reasonable Accommodation Policy, conducting employment interviews, orientation and mandatory safety meetings, disciplinary meetings, meetings related to complaints, criticism, or concerns regarding the employee's workplace conduct or performance, or any other formal meetings with employees who are Deaf or hard of hearing occurring on a monthly or less frequent basis.

2.      The Monitor and the ADA Coordinator will engage in the interactive process with the employee to determine whether a sign language interpreter should be provided or other alternative effective accommodations for other requests. The Monitor will decide if a particular accommodation is appropriate.

3.      Defendants shall schedule all the meetings identified above to provide ample time to retain and have a sign language interpreter present.

## X.      SPECIFIC INJUNCTIVE RELIEF

A.     Monitor

1.      Within thirty (30) days of the Effective Date, the Defendants will retain a Monitor who has experience with the ADA and, preferably, experience working with Deaf or hard of hearing individuals in an employment context. Within ten (10) days of the Effective Date, Defendants can provide the EEOC with up to three possible names of Monitors for consideration.  The EEOC will have final approval of the Monitor designation.  The Monitor's role is to ensure compliance with the Consent Decree by providing training, guidance, and oversight of Defendants' compliance with the ADA. The Monitor will interact with Defendants, including their supervisors, managers, and the ADA Coordinator (defined below), to ensure that they are aware of their obligations under the ADA, including to develop effective policies and procedures under the ADA; to ensure that requests for reasonable accommodations are properly handled and that Defendants are able to engage in the interactive process as required under the ADA; to train Defendants on their obligations under the ADA; and to ensure that employees understand Defendants' policies and procedures. The Monitor will be

responsible for the milestones set forth in this Decree and will also be available to Defendants to consult for technical guidance on handling ADA-related matters.

Specifically, the Monitor's responsibilities to ensure compliance shall include the following:

a.      Train the ADA Coordinator on their duties, as defined below. The ADA is intended to carry out the day-to-day functions set forth herein. The Monitor will be available to Defendants and the ADA Coordinator to train, advise, and ensure compliance;

b.      Within 45 days of their selection, review and revise Defendants' policies and procedures to ensure compliance with the ADA, as defined below. Specifically, the Monitor will review and revise Defendants' anti-discrimination policies and ensure Defendants, including the ADA Coordinator, understand that the policies clearly prohibit discriminatory conduct, establish and follow reasonable accommodation procedures, understand how to engage in the interactive process, and ensure anti-retaliation protocols are followed. The Monitor shall also review and revise Defendants' policies and procedures as they relate to applicants' and employees' requests for sign language interpretation. The Monitor shall work with Defendants concerning applicants' and employees' requests for accommodation related to disabilities to ensure that Defendants are engaging in the interactive process and providing reasonable accommodations to their disabled

applicants and employees in conformity with the ADA and the provisions of this
Decree;

      c.     Ensure that live interactive training, as defined herein, is
provided to Defendants' employees on their rights and responsibilities under the
ADA including, but not limited to, the following topics: Defendants'
responsibilities to provide a workplace free from discrimination and harassment
based on disabilities and prevent retaliation against employees for complaining
about discrimination and/or harassment, Defendants' policies and procedures
regarding disability discrimination, and Defendants' policies and procedures for
filing complaints of discrimination;

      d.     Ensure that live and interactive training is provided to
Defendants' managers, supervisory employees, any staff handling human resources
functions, and the ADA Coordinator. Such training shall ensure that Defendants'
managerial, supervisory, and human resources staff understand their responsibility
to prevent discrimination based on disabilities, engage in the interactive process
with applicants and employees who have disabilities, prevent and refrain from
retaliating against employees who make complaints of discrimination, and know
the procedures for responding to a request for accommodation and/or complaint of
discrimination or retaliation;

e.      Ensure that Defendants create a centralized system of tracking reasonable accommodation requests, discrimination complaints related to disability discrimination, and retaliation complaints. The tracking system will be implemented by the ADA Coordinator with oversight and training by the Monitor and is described below.

f.      Oversee and conduct an annual assessment of Defendants' compliance with this Decree and the ADA and report the results to the EEOC.  The Monitor shall provide the results to the Defendants and the EEOC, including the effectiveness of the ADA Coordinator and the reasonable accommodation process; and

g.      The Monitor shall report to the EEOC on Defendants' compliance with each provision of the Decree in the annual report to the EEOC.

B.      ADA Coordinator

1.      Within thirty (30) days after the Effective Date, Defendants shall designate a current managerial employee of Defendants or hire an ADA Coordinator ("ADA Coordinator") who has experience in the ADA and is approved by the EEOC.  If the ADA Coordinator does not have the requisite experience to carry out the responsibilities herein, the Monitor will train the ADA Coordinator to ensure compliance with the terms of this Decree and the ADA. The

ADA Coordinator will communicate with the Monitor for technical assistance and guidance to carry out their duties herein.

2.      The ADA Coordinator's responsibilities shall include the following:

a.      Working with the Monitor to implement and disseminate the policies and procedures;

b.      Receiving and timely processing requests for accommodation from employees and applicants;

c.      Participating in or reviewing any interactive process to ensure compliance with the ADA and terms of the Decree, with the oversight of the Monitor;

d.      Participating in any decision regarding the provision or denial of any accommodation to ensure compliance with the ADA and the terms of the Decree, with the assistance of the Monitor;

e.      Ensuring centralized tracking and communicating with employees regarding the status and resolution of requests for accommodation and complaints of discrimination;

f.      With the assistance of the Monitor, reviewing every accommodation under consideration for recission; engaging in the interactive process with each employee whose accommodation is under consideration for recission before it is rescinded and providing her or him the opportunity to

participate in the process, including, but not limited to, requesting an alternative reasonable accommodation, to the extent required by the ADA, and ensuring that any such rescission complies with the ADA;

g.    Receiving, processing, and investigating complaints of disability discrimination, failure to accommodate, and retaliation with regard thereto and providing to the Monitor for review;

h.    The ADA Coordinator shall work with the Monitor to handle applicants' and employees' requests for accommodation to ensure that Defendants are engaging in the interactive process and providing reasonable accommodations (including in the form of sign language interpretation) in conformity with the ADA and the provisions of this Decree.  Specifically, the ADA Coordinator will receive and process reasonable accommodation requests from Defendants' employees and applicants; engage in the interactive process with employees; participate in any decision regarding the provision, denial, or recission of any accommodation; communicate with employees regarding the status and resolution of requests for accommodations and complaints of discrimination; and receive, process, and investigate complaints of disability discrimination, failure to accommodate, and retaliation.

i.    The ADA Coordinator, with oversight by the Monitor, shall ensure ADA compliance in selection, pay, promotion, discipline, and termination decisions involving Deaf or hard of hearing individuals;

j.    The ADA Coordinator shall work with the Monitor to ensure that live and interactive training, as set forth in this Decree is carried out on an annual basis;

k.    The ADA Coordinator, with oversight by the Monitor, will properly track, investigate, and address complaints of disability discrimination and/or retaliation; and

l.    The ADA Coordinator will work with the Monitor to create and implement a centralized system of tracking reasonable accommodation requests, discrimination complaints, and retaliation.

3.    All employees will be informed in writing when the ADA Coordinator is designated, hired, and/or changed, including all contact information for the ADA Coordinator and a brief explanation of the ADA Coordinator's responsibilities.

4.    The ADA Coordinator may communicate directly with the Monitor in compliance with this Decree.

C.    Policies and Procedures

1.    Within sixty (60) days of the selection of the Monitor, Defendants shall review their existing policies and procedures with regard to the ADA and

create and/or revise any such policies and procedures to ensure compliance with the ADA, this Decree, and employment anti-discrimination laws (hereinafter the "Policy"). Specifically, Defendants will review and create/revise any policies and procedures regarding: the interactive process; the accommodation process, including requesting sign language interpretation as a reasonable accommodation due to disability; prohibited discriminatory and/or retaliatory conduct; the rights and responsibilities of applicants and employees under ADA; and/or specific policies and procedures regarding disabled applicants and employees. The Policy shall include:

      a.    a clear and express prohibition against making any personnel decisions, including, but not limited to, hiring, firing, and rehiring decisions, on the basis of a disability;

      b.    a clear explanation of prohibited discriminatory conduct on the basis of a disability;

      c.    an assurance that employees who make complaints of discrimination based on a disability, or provide information related to such complaints, will be protected against retaliation;

      d.    a clearly described procedure for applicants and employees to request accommodations for a disability, which shall provide the contact person

responsible for accommodation requests, and the procedures for communicating such requests to the proper decision makers;

e.      an explanation of applicants' and employees' rights and responsibilities under the ADA, including that federal law requires Defendants to provide reasonable accommodations to qualified individuals with disabilities, with regard to all terms, conditions, benefits, and privileges of employment;

f.      a requirement that Defendants' accommodation process provides a prompt, thorough, and effective interactive process that includes direct communication with the requesting applicant or employee to determine the need for reasonable accommodation, the available reasonable accommodations, and follow-up procedures to ensure that any accommodation provided continues to be effective;

g.      a requirement that Defendants will make a timely, good faith attempt to engage in and document an interactive process with an applicant or employee with a disability to determine the need for and availability of a reasonable accommodation, including sign language interpretation accommodation, which will involve an attempt at direct communication with the applicant or employee to discuss issues relevant to the determination;

      h.    a requirement that Defendants, including supervisory employees and human resources personnel, shall timely provide an approved reasonable accommodation to qualified individuals with disabilities;

      i.    a clearly described complaint process for employees or applicants who believe they have been subjected to disability discrimination, or retaliation, that provides internal and external avenues for complaints, including that complaints can be made independently to the EEOC;

      j.    a requirement that any employee in a management, supervisory, and/or human resources position who receives a request for accommodation or a complaint of discrimination and/or retaliation, whether formal or informal, written or verbal, report such request or complaint to management within forty-eight (48) hours of receiving said request or complaint;

      k.    an assurance that Defendants will protect the confidentiality of any discrimination and/or retaliation complaints to the fullest extent possible from being disclosed;

      l.    a complaint process that provides a prompt, thorough, and impartial investigation;

      m.    a requirement that Defendants communicate with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and if any remedial action was taken;

n.      an assurance that Defendants will take immediate and

appropriate corrective action when they determine that retaliation and/or disability

discrimination has occurred; and

o.      specific requirements, as set forth herein, related to sign

language interpreters and requirements related to Defendants' Reasonable

Accommodation Policy.

2.      Procedure for Handling Requests for Accommodation and Complaints
        of Discrimination and/or Retaliation

Defendants' Policy and procedure for handling requests for accommodation

and complaints shall state how their employees will handle applicants' and

employees' requests for accommodation, complaints of discrimination, and

complaints of retaliation, including, but not limited to, the inclusion of the

requirements and assurances that they will not be retaliated against, and informing

individuals how to make internal and external complaints including to the EEOC

and/or HCRC.

3.      Policy Distribution and Statement to EEOC

Within sixty (60) days of the selection of the Monitor, and on an annual

basis thereafter, Defendants shall ensure that they have distributed the Policy,

including any reasonable accommodation and/or complaint procedure, to all

employees.  Within sixty-five (65) days of the Effective Date and on an annual

basis thereafter, Defendants shall submit to the EEOC a statement confirming the distribution of the Policy.

Within thirty (30) days of the hire date of any person hired after the initial distribution but within the term of the Decree, Defendants shall ensure that they have distributed the Policy to that person. On an annual basis throughout the term of the Decree, Defendants shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

D.    Posting of Notice of Entry of Consent Decree

Within thirty (30) days of the Effective Date and throughout the term of this Decree, the ADA Coordinator shall ensure that they have posted the Notice of Entry of Consent Decree in a conspicuous place within the State of Hawaii accessible to all employees.  Within thirty-five (35) days of the Effective Date and annually throughout the term of this Decree, Defendants shall submit to the EEOC a statement confirming the posting of the Notice of Entry of Consent Decree.

E.    Performance Evaluations

Defendants shall hold their managers, supervisors, and human resources personnel accountable for failing to comply with Defendants' Policy and their procedures for handling requests for reasonable accommodation and/or complaints

of discrimination and/or retaliation, including, but not limited to, noting such conduct in the employees' annual performance evaluation.

F.    Training

1.    Deaf Culture Training

Within ninety (90) days of the Effective Date, and annually thereafter throughout the term of this Decree, the Monitor will work with the ADA Coordinator to ensure that Defendants provide to all directors, management/supervisory employees and all human resources employees with a live and interactive training of at least one (1) hour duration on Deaf culture, sign language, and professional interactions with Deaf employees through the State of Hawaii's Disability and Communication Access Board ("DCAB"). The training shall encompass the following topics:

a.    Raising awareness about the Deaf community in Hawaii;

b.    Identifying how Deaf individuals communicate;

c.    Identifying the technology available that could enhance communication with Deaf applicants and/or employees;

d.    Sign language, including American Sign Language and other sign languages, and how they differ from English and other languages used to communicate in the workplace;

24

      e.      Identifying issues that Deaf applicants and/or employees face in the workplace and how employers can address them; and

      f.      Dispelling stereotypes when working with or considering for hire, Deaf individuals.

All persons required to attend such training shall verify their attendance and job position in writing.

2.      Additional Information Regarding Deafness in the Workplace

The ADA Coordinator shall provide directors, management/supervisory employees and all employees with human resources functions with a copy of the EEOC's Deafness and Hearing Impairments in the Workplace and the Americans with Disabilities Act as found at https://www.eeoc.gov/laws/guidance/deafness-and-hearing-impairments-workplace-and-americans-disabilities-act. Defendants' Directors, Management/Supervisory Employees and Employees with Human Resources functions shall sign a verification of having read this document and their job positions.

3.      Training for All Non-Management/Supervisory Employees

Within ninety (90) days of the Effective Date, and annually thereafter throughout the term of this Decree, the Monitor shall provide at least one (1) hour of live and interactive training through the Monitor, with sign language interpretation, to all non-management/supervisory employees covering the Policy

and federal anti-discrimination laws with an emphasis on disability discrimination, the interactive process, reasonable accommodations, and sign language interpretation as a reasonable accommodation.  All persons required to attend such training shall verify their attendance in writing.

4.  Training for Directors, Management/Supervisory Employees and all Employees Handling Human Resources Functions

Within ninety (90) days of the Effective Date or sixty (60) days after the selection of the Monitor (whichever is later), and annually thereafter throughout the term of this Decree, Defendants shall provide at least two (2) hours of live and interactive training through the Monitor to all directors, management/supervisory employees and all employees handling human resources functions.  The ADA Coordinator will work with the Monitor to comply with the training requirements. The training shall address Defendants' Policy as well as the following:

a.  Unlawful discrimination against applicants and employees with disabilities as prohibited by the ADA;

b.  Defendants' obligations pursuant to the ADA to engage in the interactive process and provide a reasonable accommodation;

c.  Each trainee's obligations in complying with federal laws regarding employment discrimination on the basis of a disability and retaliation;

d.      The interactive process, including that it is necessary to communicate with every party involved with a particular accommodation, such as the employee and the employee's managers and supervisors, in order to assess the need of the employee requesting a reasonable accommodation;

e.      Monitoring accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation process;

f.      Reviewing and assessing whether the interactive process was properly conducted, including how to properly engage in the interactive process as required under the ADA, with examples applicable to Deaf and hard of hearing individuals;

g.      How to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities, with an emphasis on Deaf or hard of hearing individuals;

h.      How to notify Defendants of an accommodation request or a potential need for an accommodation for individuals with disabilities, with an emphasis on Deaf or hard of hearing individuals;

i.      The purposes and goals of the interactive process and how best to ensure those purposes and goals are achieved;

    j.  Providing sign language interpretation as a reasonable accommodation; and

    k.  How to address and report disability discrimination and retaliation complaints.

   5.  The ADA Coordinator shall ensure that all persons required to attend such training verify their attendance and job positions in writing.

   6.  Within ninety (90) days of the hire date or promotion date of any employee who is covered by the managerial training in the preceding subsection and hired or promoted after the annual training, the ADA Coordinator shall provide a live and interactive training of at least one (1) hour duration covering all the topics in the preceding subsection with guidance from the Monitor.  All persons required to attend such training shall verify their attendance in writing.

   7.  Defendants shall provide forty-five (45) days' written notice to the EEOC prior to the occurrence of any training undertaken pursuant to this Decree, including the location of the training, date and time of the training, and person conducting the training. EEOC shall be permitted to attend and view the trainings.

   8.  The Monitor shall confirm in the annual report that Defendants have fully complied with all training requirements under this Decree.

G.    Recordkeeping

Within thirty (30) days of the Effective Date, Defendants shall establish a record-keeping procedure that provides for the centralized tracking of: requests for accommodation; disability discrimination complaints pertaining to disabilities; retaliation complaints; and the monitoring of such requests and/or complaints in an Accommodation and Complaint Log.

Defendants shall retain all documents relating to any accommodation requests, discrimination complaints, and retaliation complaints identified in the Accommodation and Complaint Log.  Defendants shall also maintain any documents generated or collected during the term of this Decree in connection with any accommodation requests, complaints of disability discrimination, investigations of requests for accommodation and/or complaints of discrimination or retaliation pertaining to disabilities, and any decisions, findings, resolutions or personnel action regarding accommodation requests or complaints.

The ADA Coordinator, with guidance from the Monitor, shall maintain an Accommodation and Complaint log for the purpose of annual self-assessment. Utilizing the Accommodation and Complaint Log, the Monitor will give feedback to Defendants as to how Defendants can improve: the way the interactive process is conducted by Defendants; the way in which reasonable accommodations, including accommodation in the form of sign language interpretation, are provided;

and the manner in which discrimination and/or retaliation complaints are identified, reported, investigated, resolved, and monitored.  The Accommodation and Complaint Log shall include the following information:

1.   Accommodation Log

    a.   Name of person making the request;

    b.   Date of the request;

    c.   Physical or mental impairment(s);

    d.   Any person to whom the request for accommodation was made;

    e.   Accommodation(s) requested, if any;

    f.   Any person involved in the interactive process;

    g.   The decision-maker(s) on the request for accommodation;

    h.   Accommodation provided along with a summary of documents or records reviewed, if any;

    i.   The reason for the decision to provide or refuse any accommodation;

    j.   Whether any modification or additional accommodations in conjunction with the original accommodation were sought and if such requests were granted or denied; and

      k.      Status of each accommodation request. If no results have been reached as of the time of the submission of the annual report, the status shall be included in the next report.

      2.      Complaint Log

      a.      Name of person making the complaint;

      b.      Date(s) of the complaint (including all oral and written complaints);

      c.      Nature of the complaint (disability discrimination, retaliation, etc.);

      d.      Names of any and all person to whom the complaint (written and/or oral) was made;

      e.      Names of any and all alleged perpetrators of discrimination and/or retaliation;

      f.      Date of investigation into each complaint of discrimination and/or retaliation;

      g.      Names of any and all individuals involved in the investigation;

      h.      Names of any and all individual interviewed during the investigation;

      i.      A brief summary of the investigation;

      j.      A brief summary of how each complaint was resolved;

      k.      Identity of each person involved in the resolution of the complaint;

l.      Summary of all information, including any and all documents, that were reviewed during the investigation and in reaching a resolution as to each complaint;

m.     Summary of any and all monitoring that has been conducted following each complaint; and

n.      Status of each complaint. If no results have been reached as of the time of the submission of the annual report, the result shall be included in the next report.

The EEOC will request records from the Monitor which shall be produced to the EEOC within thirty (30) days of a request.

H.     Reporting

The Monitor, shall provide the following reports annually throughout the term of the Decree to the EEOC:

1.      All documents verifying the occurrence of all training sessions and completion of mandatory reading of the EEOC's Deafness and Hearing Impairments in the Workplace and the Americans with Disabilities Act, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of the attendees at each training, that took place during the previous twelve (12)

months and a statement confirming that Defendants have fully complied with all
training requirements under this Decree;

2.      Defendants' Accommodation and Complaint Log as to Deaf and hard
of hearing individuals;

3.      A summary of Defendants' compliance in ensuring that
accommodations, including accommodation in the form of sign language
interpretation, are provided to Deaf and hard of hearing individuals, in accordance
with the ADA;

4.      A copy of any assessment conducted and reports prepared by the
Monitor as described above;

5.      A copy of any Policy and related procedures regarding the interactive
process, reasonable accommodations, disability discrimination, and/or retaliation
that have been in effect since the last annual report;

6.      A report detailing any employment applications received from
Claimants and the outcomes of those applications as described herein; and

7.      The Monitor's annual report to the EEOC of Defendants' compliance
with the terms of this Decree.

## XI.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Pursuant to a contract between the Defendants and the Monitor, Defendants shall bear all costs associated with their administration and implementation of their obligations under this Consent Decree.

## XII.   COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.  MISCELLANEOUS PROVISIONS

A.     During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' locations, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

B.     During the term of this Consent Decree, Defendants shall assure that each of their officers, managers, first line supervisors, site superintendents and human resources personnel is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence

required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XIV.  EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.      The Defendants' EIN are:  #99-0197500 (Opportunities and Resources, Inc.) and #99-0311397 (ORI Anuenue Hale, Inc.)

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name: Susanna F. Cheung

Physical Address: 64-1488 Kamehameha Hwy, Wahiawa, HI 96786

2.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5.     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: __June 25__, 2024

By:   Anna Y. Park
      Attorney for Plaintiff EEOC

CADES SCHUTTE LLP

Date: ____6|24___, 2024

By: _____

Jeffrey S. Porthoy
Attorney for Defendants ORI
Anuenue Hale, Inc. and Opportunities
and Resources, Inc.

Date: ____6|24___, 2024

By: _____

Susanna Cheung
President/CEO of Defendants ORI
Anuenue Hale, Inc. and Opportunities
and Resources, Inc.

## ORDER

The provisions of the foregoing Consent Decree are fair, reasonable, and adequate. The Consent Decree is hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its termination.

IT IS SO ORDERED.

Date:   June 26, 2024, at Honolulu, Hawaii.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*U.S. Equal  Employment Opportunity Commission v. ORI Anuenue Hale, Inc., Opportunities and Resources, Inc.*, Civ. No. 21-00286 JMS-RT, Consent Decree and Order